**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 14 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVALU ALFREDA LEONOFF; and
the following minors through their
mother and best friend Davalu Alfreda
Leonoff:  M, L, and B,

         Petitioner - Appellant,

    v.

STATE OF OKLAHOMA; CHILD
WELFARE SERVICES AGENCY,
et al.; OKLAHOMA COUNTY
CHILD WELFARE SERVICES
AGENCY; MICHAEL RAINWATER,
former Director of Tulsa County Child
Welfare Services Agency; BOB
PLANK, present Director of the Tulsa
County Child Welfare Services
Agency; NANETTE PECK, in her
personal and professional capacities;
BILL HINDEMAN, in his personal
and professional capacities; THOMAS
S. CREWSON, in his personal and
professional capacities; BRAD
GRIFFITH, in his personal and
professional capacities; WILBER
WILLIAMS, District Supervisor of
District II-F-A, Oklahoma Child
Welfare Services Agency; JOE
JENNINGS, in his personal and
professional capacities; VIVIAN
WHITE (TEELE), in her personal and
professional capacities; PAULA S.
OGG, in her personal and professional
capacities; THOMAS GANN, in his
personal and professional capacities;
JUDGE HICKS, in his personal and

No. 02-5035

(D.C. No. 01-CV-886-EA(X))

(N.D. Oklahoma)

professional capacities; ROBERT FARRIS, in his personal and professional capacities; NANCY WALENTINY, in her personal and professional capacities; GAIL LAPIDUS, in her personal and professional capacities; MILLIE OTEY, in her personal and professional capacities; and LISA K. HAMMOND, in her personal and professional capacities,

                   Defendants - Appellees,

STATE OF OKLAHOMA; CORRECTIONS CORPORATION OF AMERICA, Sued as: David L. Moss, CJC Corrections Corp. of America Agency; JIM COOKE, Sued as: Warden Jim Cook,

                   Respondents-Appellees.

---

## ORDER AND JUDGMENT

---

Before **HENRY** , **BRISCOE** , and **HARTZ** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding

precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*Pro se* Petitioner Davula Alfreda Leonoff appeals the district court's dismissal of her complaint with prejudice under Fed. R. Civ. P. 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Petitioner originally brought this action against three respondents as an "Application for Writ of Habeas Corpus," under 28 U.S.C. § 2254, while she was incarcerated in an Oklahoma state facility. On January 8, 2002, however, Petitioner filed a pleading entitled, "Ammended [sic] civil complaint and jury trial demand pursuant to F.R.C.P. 8(a)(2) and 8(e)(1)." The complaint stated that she was filing suit on behalf of herself and on behalf of her children M, L, and B, as their best friend. It added 20 defendants and alleged numerous civil causes of action. Petitioner noted in her amended complaint that she was no longer in state custody, and she apparently abandoned the portion of her habeas petition relating to her incarceration. We review the district court's dismissal of this complaint de novo. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

Many of Petitioner's claims concern judicial proceedings that occurred more than a decade ago. It appears that in November 1988 an Oklahoma judge

entered an order giving temporary custody of Petitioner's daughter, J, to the Oklahoma Department of Human Services. Sometime after that order was entered, Petitioner and her husband took J from a state-appointed custodian. In February 1989 the State of Oklahoma filed an information alleging that Petitioner had illegally removed her child from lawful custody. That same month Petitioner was arrested on that charge, and in the fall of 1989 she was tried and convicted. Shortly after her arrest, an Oklahoma court placed J, M, and L in the custody of Petitioner's mother.

In October 2001 Petitioner was again arrested for the illegal removal of a child from lawful custody. After this arrest Petitioner's fourth child, B, was placed in state custody. The custody of that child is still the subject of pending state court proceedings in Oklahoma.

Petitioner brings this case under "Admiralty and Equity Jurisdiction Pursuant to Article III. Section 2 arising from Fraud, Fraud upon Breach of Contracts, Title VII., of Civil Rights Act of 1964, The United States Codes, The Constitution for these United States of America, The Bill of Rights, The Declaration of Independence, The U.N. Universal Declaration of Human Rights, The Magna Carta, The U.C.C., the U.S.C.A., between Appellants and Appellees for failure to fulfill obligations of said Contracts, setting forth claims arising under 42 U.S.C. & 1983-88, 18 U.S.C. & 1621. 42 U.S.C. & 1621[.]" Aplt.'s Br.

in Support of ROA at 1. More specifically, Petitioner states nine causes of action, claiming she is entitled to habeas corpus relief under 28 U.S.C. § 2254; damages, injunctive relief, and declaratory relief under 42 U.S.C. § 1983, based on various violations of her First, Fourth, Fifth, Ninth, and Fourteenth Amendment rights by Oklahoma agencies and officials; and damages, injunctive relief, and declaratory relief under 18 U.S.C. §§ 241, 242, 872, 1621, and 42 U.S.C. §§ 1985, 1986. She seeks, among other things, the following relief: (1) monetary damages for direct and consequential harms suffered, including exemplary and punitive damages; (2) "INJUNCTIVE RELIEF IN THE FORM OF HABEAUS [sic] CORPUS RELEASE OF [her children]"; (3) unspecified injunctive relief for illegal searches; (4) "'injunctive relief' in the form of a 'STAY' of wage assignment of the $2,324.00 supposedly owed in [a state court proceeding]"; (5) "a restraining order against Tulsa, Oklahoma state courts and Oklahoma City State and Administrative Courts from further 'ABUSE OF HERSELF AND HER CHILDREN'"; (6) removal of a state court order; and (7) injunctive relief preventing appellees from making medical diagnoses and treatments concerning her or her children. Aplt.'s Br. in Support of ROA at 6, 11, 13, 15, 25, 26.

The federal district court dismissed Petitioner's claims because (1) some claims involved challenges to the validity of state court decisions, and such review of state court decisions is barred by the *Rooker-Feldman* doctrine, *see*

*D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); (2) the *Younger* doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971), prohibited the court from considering Petitioner's request for injunctive and declaratory relief in the pending state child custody dispute; (3) as set forth in *Lehman v. Lycoming County Children's Serv. Agency*, 458 U.S. 502 (1982), the court lacked jurisdiction under 28 U.S.C. § 2254 to consider a collateral attack on a state court judgment terminating parental rights; and (4) the State of Oklahoma, the state agencies, and the state officials sued in their official capacities are entitled to Eleventh Amendment immunity on Petitioner's claims for monetary damages. To the extent that Petitioner had any remaining claims over which the court had jurisdiction, the court ruled that (5) the judges who are parties to the lawsuit have absolute judicial immunity for their judicial actions and (6) Petitioner's civil rights claims based on actions taken between 1988 and 1990 are barred by the two-year statute of limitations applicable to federal civil rights claims brought in Oklahoma. Because of the jurisdictional constraints and the untimeliness of her claims, the district court concluded that it would have been futile to give Petitioner an opportunity to amend her complaint.

We have carefully reviewed Petitioner's filings with this court, the district court's order, and the record on appeal. We agree with the district court that for each of Petitioner's claims, either the district court lacked jurisdiction over the

claim or Petitioner failed to state a claim upon which relief can be granted. Therefore, for substantially the same reasons set forth in the district court's February 8, 2002 order, we **AFFIRM** the district court's dismissal of Petitioner's complaint with prejudice. Petitioner's motion for a ruling on her supplemental brief is **DENIED**; her motion to designate her docketing statement as her opening brief is **GRANTED**; to the extent that her pleadings can be construed as a motion to supplement the record, that motion is **DENIED**; and all other motions are **DENIED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge